IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:04-CR-1-1- JRG-RSP |
| | § | |
| DUSTIN DAVID DORGAN | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On March 5, 2014, the undersigned held a final hearing on the Government's petition (#46) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, Dustin David Dorgan, was represented by Wayne Dickey.

Dustin David Dorgan was sentenced on December, 16, 2004, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 137 months. Dustin David Dorgan was subsequently sentenced to 110 months imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and financial disclosure. On March 21, 2012, Dustin David Dorgan completed his period of imprisonment and began service of the supervision term.

On January 20, 2014, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On June 28, 2013, Mr. Dorgan submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test. On August 8, 2013, Dustin Dorgan signed a form admitting that he used methamphetamine on August 3, 2013 and August 4, 2013.

The Court scheduled a revocation hearing for March 5, 2014. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 21 months, with no supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of

Prisons to be imprisoned for a term of 21 months, with no supervised release to follow such term of imprisonment.

At the close of the March 5, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 10th day of March, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE